# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**V.**<br><br>**ADRIAN LAMONT WHITE, DEFENDANT** | **CASE NUMBER**<br><br>**2:06-CR-090-MHT** |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

**COMES NOW** the defendant, Adrian Lamont White, by and through his counsel of record and requests that this Honorable Court instruct the jury with the attached jury charges:

**RESPECTFULLY SUBMITTED** this the 23rd day of October, 2006.


**/s/ Daniel G. Hamm**

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL HAMM, P.C.**
560 S. MCDONOUGH ST., STE.
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX          334-323-5666

## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? *Pattern Jury Instruction of the District Judges Association of the Eleventh Circuit, Criminal Cases, Basic Instruction No. 5 (1985).*

## AIDING AND ABETTING (AGENCY) - 18 U.S.C. § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the ~~acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the~~ Defendant aids and abets another person by willfully joining together with that person in the commission of *what he knows to be* a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in *what he knows to be criminal conduct*.  Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish that a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant in *what he knew to be criminal conduct* and not merely *an unknowing participant*.

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003 (with modifications)*

## GOOD FAITH DEFENSE TO CHARGE
## OF INTENT TO DEFRAUD

*Mr. Adrian White has raised the defense of good faith to the charge against him.*

Good faith is a complete defense to the charges in the indictment since good faith on the part of the Defendant is inconsistent with intent to defraud or willfulness which is an essential part of the charges. The burden of proof is not on the Defendant to prove good faith, of course, since the Defendant has no burden to prove anything. The Government must establish beyond a reasonable doubt that the Defendant acted with specific intent to defraud as charged in the indictment.

One who expresses an honestly held opinion, or an honestly formed belief, is not chargeable with fraudulent intent even though the opinion is erroneous or the belief is mistaken; and, similarly, evidence which establishes only that a person made a mistake in judgment or an error in management, or was careless, does not establish fraudulent intent.

On the other hand, an honest belief on the part of the Defendant that a particular ~~business~~ venture was sound and would ultimately succeed would not, in and of itself, constitute "good faith" as that term is used in these instructions if, in carrying out that venture, the Defendant knowingly made false or fraudulent representations to others with the specific intent to deceive them *as to a material matter*.

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003 (with modifications)*

## ACCOMPLICE - - CO-DEFENDANT - - PLEA AGREEMENT

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

In this case the Government called as one of its witnesses a person named as a co-Defendant in the indictment, with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to.  Such plea bargaining, as it's called, has been approved as lawful and proper, and is expressly provided for in the rules of this Court.  However, a witness who hopes to gain favorable treatment may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.  So, while a witness of that kind may be entirely truthful when testifying, you should consider such testimony with more caution than the testimony of other witnesses.

And, of course, the fact that a witness has plead guilty to the crime charged in the indictment is not evidence, in and of itself, of the guilt of any other person.

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003*

## CREDIBILITY OF WITNESSES

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment you should carefully scrutinize all of the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness, in your opinion, is worthy of belief Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimonies of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollections, like failure of recollection, are not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and

consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charge beyond a reasonable doubt.

The testimony of a Defendant should be judged in the same manner as the testimony of any other witness

*§ 15.01 Federal Jury Practice and Instructions; Devitt, Blackmar, Wolff and O'Malley; West Publishing Co., 1992 with 1997 Pocket Part.*

# IMPEACHMENT – INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said ~~or did~~ something, or failed to say ~~or do~~ something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003*

## IMPEACHMENT – INCONSISTENT STATEMENT (DEFENDANT TESTIFIES WITH NO FELONY CONVICTION)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

~~A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.~~

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003 (with modifications)*

## IMPEACHMENT - INCONSISTENT STATEMENT AND FELONY CONVICTION

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*ELEVENTH CIRCUIT, PATTERN JURY INSTRUCTIONS, (CRIMINAL CASES) 2003*

# FELONY CONVICTION OF A WITNESS

The testimony of a witness may be discredited or impeached by evidence showing that the witness has been convicted of a felony, a crime for which a person may receive a prison sentence of more than one year.

Prior conviction of a crime that is a felony is one of the circumstances that you may consider in determining the credibility of that witness.

It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who has previously been convicted of a felony.

*§ 15.07 Federal Jury Practice and Instructions; Devitt, Blackmar, and O'Malley; West Publishing Co., 1990.*

# CERTIFICATE OF SERVICE

This is to certify that I have this day placed a copy of this Defendant's Requested Jury Instructions in the United States Mail with sufficient postage for first class delivery to the attorneys named below or parties if not represented by counsel.

**DONE** this the 23rd day of October, 2006.

**/s/ Daniel G. Hamm**
_____

DANIEL G. HAMM (HAM043)
ATTORNEY FOR THE DEFENDANT
**DANIEL HAMM, P.C.**
560 S. MCDONOUGH ST., STE.
MONTGOMERY, ALABAMA 36104
TELEPHONE    334-269-0269
FAX            334-323-5666

Todd Brown
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36101